IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sandra K. Tabor, | : | |
| Plaintiff | : | Civil Action 2:06-cv-690 |
| v. | : | Judge Sargus |
| | : | Magistrate Judge Abel |
| AmerisourceBergen d/b/a American Health Packaging, | : | |
| Defendant | | |

## ORDER

Plaintiff brings this action alleging that Defendant wrongfully terminated her in violation of her rights under O.R.C. Chapter 4112, Ohio's Workers Compensation Act, O.R.C. §4123.90, and the common law of the State of Ohio. This matter is before the Magistrate Judge on Plaintiff's August 16, 2006 motion to remand (doc. 7).

**I. Facts**

Plaintiff began working for Defendant American Health Packaging on or about March 25, 2002 and was soon promoted to the position of "label technician," which required her to lift boxes of up to 50 pounds, often over her head. (Compl. ¶¶ 5-6). Tabor injured her neck through performance of her job-related duties at place of business on or about October 20, 2002. (Compl. ¶8). She claims that due to this neck injury, Occupational Health at Mr. Carmel Hospital advised that she be assigned to a sedentary desk job. (Compl. ¶11). Despite informing

her supervisor of her restrictions, Plaintiff alleges that Defendant not only made no accommodations for her injury but also began to make her work environment "unpleasant" by negatively commenting on her work and attitude. (Compl. ¶¶ 12-14, 17, 20, 21). On or about December 16, 2005 Defendant allegedly made an accommodation for Plaintiff by shifting her work schedule. (Compl. ¶ 23). Six days later, Defendants allegedly told Plaintiff to sign a form stating that her injury had been accommodated and stated that if she would not sign, then she would not be allowed to work. (Compl. ¶ 24). Plaintiff claims that because she did not want to sign the document, as she felt it contained serious misrepresentations about the accommodation provided, she left work. (Compl. ¶¶ 25-26). When she returned to work on December 27, she was informed that she had been terminated for walking off the job. (Compl. ¶ 28).

## II. Arguments of the Parties

Plaintiff filed this action in state court on July 7, 2006. The complaint alleges that Defendant "Amerisource Bergen d/b/a American Health Packinging is an Ohio for-profit corporation, doing business in Franklin County, Ohio." (Compl. ¶ 2). On August 14, 2006, Defendant removed the action to this Court. The notice of removal asserted that "Defendant is a Delaware corporation with its principal place of business in Pennsylvania. Notice of Removal, ¶ 4 (doc. 2). In this motion, Plaintiff protests the removal, stating that although Defendant maintains that AmerisourceBergen is a Delaware corporation with a principal place of business in Pennsylvania, Defendant American Health Packaging is an Ohio corporation doing business solely in Ohio.

Defendant counters by merely stating that "American Health Packaging is d/b/a Amerisource Health Services Corporation, which is a Delaware corporation doing business in

Ohio."[1]

## III. Analysis

When a party files a motion for remand, the party who removed the action bears the burden of proving that removal was proper. See *Wilson v. Republic Steel & Iron Co.*, 257 U.S. 92, 97 (1921); *Lawrence v. Dixon Ticonderoga Co.*, 305 F. Supp. 2d 806, 810 (N.D. Ohio 2004)("[t]he party seeking removal bears the burden of proving federal jurisdiction"). Defendant has failed to produce evidence through affidavits or otherwise that it is a Delaware corporation with its principal place of business in Pennsylvania. Bald assertions are not proof. Thus, Defendant has not met its burden of proof.

## IV. Conclusion

For the reason stated above, the Magistrate Judge RECOMMENDS that Plaintiff's August 16, 2006 motion to remand (doc. 7) be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

                                        s/Mark R. Abel
                                        United States Magistrate Judge

---

[1] Defendant claims that Plaintiff has incorrectly claimed that AmericansourceBergen is d/b/a American Health Packaging, when, in fact, American Health Packaging is a d/b/a of Amerisource Health Services Corporation.